WILLIAM FREEMAN *et al.* Plaintiffs in Error, *vs.* LOUIS FREEMAN *et al.* Defendants in Error.

*Opinion filed June 22, 1916—Rehearing denied October 4, 1916.*

REAL PROPERTY—*when provision of ante-nuptial contract does not amount to a conveyance.* Where an ante-nuptial contract conveys a life estate to the wife in certain described land, which conveyance is followed by a provision that it is mutually agreed that the wife shall not have possession and the rents and profits until the husband's death, and that on the death of the wife "said real estate shall be divided amongst the children" of the husband, there is no conveyance of the remainder to the children and the contract does not authorize partition amongst them at the wife's death.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

GLEIM & COLWELL, for plaintiffs in error.

BOYS, OSBORN & GRIGGS, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

William Freeman, a child, and Lydia Meyer, a grand-child of Conrad Freeman, deceased, filed their bill in the circuit court of LaSalle county against Louis Freeman, Flora Weygandt and George Frei for the partition of forty acres of land in LaSalle county. The bill alleged that Conrad Freeman was on July 18, 1876, the owner of said land; that on said day he made a certain contract with Christina Heck, to whom he was later married, the contract referred to being attached to the bill and by reference made a part thereof. This contract, which was signed by Conrad Freeman and Christina Heck, after reciting that the parties thereto were to be married and that the said Conrad Freeman desired to settle upon the said Christina Heck the forty-acre tract here sought to be partitioned, to be received by her in full of dower in the estate of the said Conrad Freeman in case she should survive him, proceeded as follows: "Now, therefore, in consideration of said intended marriage the said party of the first part [Conrad Freeman] doth hereby convey and warrant to the said Christina Heck the following described real estate [describing the real estate here sought to be partitioned] for and during the term of her natural life. And it is hereby mutually agreed by said parties that said Christina shall have possession and the rents, issues and profits of said real estate on the decease of said Conrad and not before, and on the decease of said Christina said real estate shall be divided amongst the children of said Conrad; and the said Christina hereby accepts the foregoing provision, and agrees to receive said real estate so conveyed to her as aforesaid, as for, in place and in full of dower and all right and claim of dower in and to the estate, real and personal, which said Conrad shall own at the time of his decease."

The bill further alleged that at the time of making said contract Conrad Freeman was a widower, and that there were then living four children by his deceased wife, viz., Louis Freeman, Flora Freeman, (now Flora Weygandt,) Lydia Freeman, (afterwards married to George Frei and the mother of Lydia Meyer,) and William Freeman; that Lydia Frei died intestate on December 19, 1882, leaving George Frei, her husband, and Lydia Frei, (now Lydia Meyer,) as her only heirs-at-law; that Conrad Freeman departed this life on November 11, 1908, leaving him surviving Christina Heck Freeman, his widow, and Louis Freeman, Flora Freeman Weygandt, William Freeman and Lydia Frei Meyer, and that Christina Heck Freeman departed this life on or about October 12, 1914. The bill alleged that in and by said contract, which is referred to as a deed of conveyance, Louis Freeman, William Freeman, Flora Weygandt and Lydia Meyer became tenants in common, each being entitled to an equal undivided one-fourth part thereof in fee, the share of Lydia Meyer being incumbered by the right of dower of her father, George Frei, as surviving husband of Lydia Freeman Frei, deceased; that the dower interest of George Frei has never been set off or admeasured, and that no person other than Louis Freeman, Flora Weygandt, George Frei, William Freeman and Lydia Meyer has any interest in or title to said premises. The prayer of the bill is for the assignment of dower to George Frei and for partition of the premises among the parties to the suit in accordance with their respective rights as set forth in the bill. The defendants Louis Freeman and Flora Weygandt demurred to the bill. This demurrer was sustained and a decree was entered dismissing the bill. William Freeman and Lydia Meyer, the complainants, have sued out this writ of error seeking a reversal of that decree.

The only title relied upon in the bill was that which it is claimed was acquired by the instrument of July 18, 1876. It does not appear whether Conrad Freeman died testate

or intestate, or whether he had made any conveyance of the land in question during his lifetime. It is not contended that the parties to the bill are tenants in common of this land by inheritance from Conrad Freeman or by devise from him. On the contrary, it is expressly stated in the brief of the plaintiffs in error that the only interest claimed in the land is through and by virtue of this instrument. The nature of this instrument is readily disclosed by a perusal of it. It is an ante-nuptial contract. While it contains apt and proper words of conveyance from Conrad Freeman to Christina Heck of the land in question, it also contains all the provisions of the agreement concerning their property rights which the parties entered into in contemplation of their marriage. After a recital of the intention of the parties to marry, a general description of the real estate owned by Conrad Freeman and the agreement to settle upon Christina Heck real estate to be received by her in full of her rights as his widow should she survive him, the instrument makes conveyance to Christina Heck of a life estate in the property in question. It then proceeds with the remainder of the agreement which had been entered into between them in contemplation of their marriage. In this portion of the instrument it states that it is mutually agreed between Conrad Freeman and Christina Heck that upon the decease of both of them the real estate conveyed to Christina Heck should be divided among the children of Conrad. This recital does not constitute any part of the conveyance. It is clearly severed from the conveyance of the life estate to Christina Heck and by express recital constitutes a part of the agreement entered into between the parties. The children of Conrad Freeman were not parties to this agreement and were in nowise interested in or bound by it. While it may be urged with some force that, considered as a part of the agreement between the parties, the statement that upon the decease of both of them

said real estate should be divided among the children of Conrad Freeman is ineffectual and without force, it is, nevertheless, expressly made a part of the agreement entered into between them and is thus severed from that part of the instrument making the conveyance, and was no doubt inserted to emphasize the fact that upon her death all the interest of Christina Heck terminated and the title reverted to the grantor.

Other questions have been argued, but it is not necessary to consider them.

The circuit court properly sustained the demurrer and dismissed the bill. The decree is affirmed.

*Decree affirmed.*